ANGLEWICZ *v.* FREDA.[1]

JUDGMENT — EQUITABLE RELIEF — SUFFICIENCY OF BILL — RELIEF ON APPEAL.

A bill to set aside a judgment of restitution rendered by a circuit court commissioner alleged that complainants, while in possession of the premises under a contract of purchase, had made repairs and paid a part of the purchase price, and that defendants, while complainants were in court ready to defend, obtained the judgment complained of without their knowledge, from which complainants were prevented from appealing by defendant's agreement to accept the balance of the purchase price and deed the property to a purchaser from complainants. The bill did not set forth the nature of the defense proposed to be made, nor that the balance due upon the purchase price was ever tendered to defendants, nor that complainants were ready, able, and willing to pay it, and no tender was made in the bill. It was not averred that defendants knew or had reason to believe that complainants proposed to appeal from the judgment. On appeal by complainants from a decree dismissing their bill, the only relief asked was that a decree be entered in favor of complainants for the amount of repairs, for the rent of a building on the premises used by defendants, for the rent of a house for complainants since defendants obtained possession of the premises, and costs. *Held*, that complainants were not entitled to the relief prayed.

Appeal from Wayne; Mandell, J. Submitted October 17, 1907. (Docket No. 89.) Decided December 10, 1907.

Bill by August Anglewicz and Rosa Anglewicz against Frank Freda and Augusta Freda to set aside a judgment of restitution. From a decree dismissing the bill, complainants appeal. Affirmed.

*Thomas A. Conlon*, for complainants.

*M. B. Breitenbach* (*Stewart Hanley*, of counsel), for defendants.

[1] Rehearing denied February 15, 1908.

OSTRANDER, J. It is charged in the amended bill of
complaint that on September 6, 1902, defendants as ven-
dors, and complainants as vendees, entered into a written
contract for the sale and purchase of certain real estate
for the sum of $1,200, payable $100 down and $50 every
six months with interest; that one payment of $25 was
made upon the principal July 9, 1906; that the interest
had been paid in full; that on July 18, 1906, defendants
began proceedings before a circuit court commissioner to
obtain possession of the premises, and that on July 23d,
judgment of restitution was entered by the commissioner;
that on July 28th (Saturday), the last day for appealing
from said judgment, an agreement was made between the
parties, by the terms of which defendants agreed to take
the balance of the money due upon the contract and deed
the premises to complainants or to some person to be by
them designated; that complainants had on that day se-
cured a purchaser of the premises, willing and ready to
pay for the same upon the furnishing of a proper abstract
and the tender of a deed, the transaction to be completed
during the succeeding week; that except for the arrange-
ment so made complainants would have appealed from
the judgment rendered by the circuit court commissioner;
that instead of performing the said oral agreement, the
time for appeal having expired, the defendants declined to
proceed any further with the matter. Thereupon, and on
July 30, 1906 (Monday), this bill was filed. It is charged,
apparently as matter of excuse for failure to make pay-
ments upon the contract according to its terms, that the
premises purchased were found to be in a bad state of
repair and unfit to live in, and that defendants told
complainants to make necessary repairs and it would be
all right with them so long as complainants paid
the interest; that complainants from time to time
expended in one way or another, in repairs and better-
ments, the sum of about $350; that after the land
contract had been made defendants asked for and were
given permission to use a portion of the barn upon the

premises, for which rent at a rate not agreed upon was to be paid and that defendants caused a rider to be attached to the land contract reserving the use of certain parts of the barn for a period of eight years. It is also further charged that complainants attended at the office of the circuit court commissioner in obedience to the summons and took with them certain witnesses and remained in the office of said commissioner until noon, and that, although they saw the defendant Frank Freda in the court-room, saw him sworn, and apparently doing business with the commissioner, they had no information concerning what was going on until they were informed by the commissioner that a judgment of restitution had been entered. The nature of the defense proposed to be made is not set out and is not apparent. The prayer of the bill is that said judgment may be declared null and void; that defendants may be ordered to receive the balance due on the purchase price of said property and deed the same to complainants or to some person by them to be designated, or may be decreed to allow complainants to make payments upon the contract, and to vacate the barn; that defendants may be ordered to pay for the work and money put upon the premises, and that the rights and interests of the parties may be ascertained and determined and an accounting had. It is not charged that the balance due upon the contract, which it is agreed was the sum of $1,075, was ever tendered to the vendors, no tender is made in the bill of complaint, it is not averred that complainants are able, ready, or willing to pay the amount due upon the land contract. It is not averred that defendants knew or had reason to believe that complainants proposed to appeal from the judgment of restitution. The bill was answered, replication filed, and the cause heard in open court. At the conclusion of complainants' case, and without the introduction of any testimony on the part of defendants, the injunction which had been issued was dissolved and a decree was entered dismissing the bill of complaint. It is stated in the brief

for appellants that the vendors have been in possession of the premises since some time in October, 1906. It is clear that no accounting is necessary. The testimony produced for complainants satisfies us that the rider attached to the contract, in which defendants reserved for the period of eight years the use of the barn, was made and agreed to at the time the contract was executed. It does not satisfy us that defendants, with respect to deferred payments of principal, did more than to postpone them, and it may be inferred that the grace extended had some relation to the fact that the vendees were improving the property. On March 23, 1906, the vendors served upon the complainants some sort of notice, and we infer, for want of other proof upon the subject, and in support of the judgment of the commissioner, that it was a 90-day notice to quit. Assuming, but not deciding, that the bill can be sustained and relief granted upon the theory that complainants may have specific performance of the contract notwithstanding the judgment, we do not understand this to be the theory of complainants' counsel. In this court the only relief asked is, that a decree be entered "in favor of complainants for the amount of repairs, $346.20, four years' rent of barn at six dollars per month, $288, and the year's rent for house which complainants have been obliged to pay since October, 1906, $120, together with costs of all courts to complainants." It is clear that complainants are not entitled to this relief.

The decree of the circuit court for the county of Wayne, in chancery, is affirmed, with costs.

McAlvay, C. J., and Carpenter, Hooker, and Moore, JJ., concurred.